IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BOBBY FORD, #N-20126, )
)
        Plaintiff, )
)
vs. )    CIVIL NO. 10-829-GPM
)
WARDEN DAVIS, KIM BUTLER, )
ERIC ALTHOFF, DALE ENGLEMANN, )
J CARDINE, ANGELA CHANEY, and )
J DANIELS, )
)
        Defendants. )

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Bobby Ford, an inmate currently housed in the Hill Correctional Center, brings this action claiming deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The incidents relevant to this action took place while Plaintiff was incarcerated in the Pinckneyville Correctional Center. Plaintiff is serving a three year sentence for retail theft. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

>  (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a government official,

acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States." *Heyde v. Pittenger,* 633 F.3d 512, 516 (7th Cir. 2011). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff was briefly housed in the Pinckneyville Correctional Center between July 13 and July 21, 2010. He states that Defendants Davis (the warden) and Butler transferred him to Lawrence Correctional Center on July 21 on the pretense of being concerned that prison staff in Pinckneyville were trying to kill Plaintiff on account of the many past lawsuits Plaintiff had filed against them. However, Plaintiff alleges that the true reason for his transfer was to retaliate against Plaintiff for those

same past lawsuits. In addition, Plaintiff alleges that Defendants Davis and Butler further retaliated by providing false information regarding Plaintiff to officials at Lawrence Correctional Center, which caused the Lawrence officials to later deny Plaintiff's request for work release. According to Plaintiff, he was improperly classified as an "escape risk" based on this false information.

Plaintiff's other claim is against Defendants Althoff, Cardine, Chaney, and Daniels, all employed by the Prisoner Review Board or "Parole Board" in Springfield, Illinois, for improperly causing his arrest and incarceration from August 14, 2009, to November 10, 2009, on a false parole hold. Plaintiff asserts he had not violated his parole conditions. The false parole hold originated with Defendant Englemann, Plaintiff's parole officer at the time.

Plaintiff seeks compensatory and punitive damages.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Retaliation**

Plaintiff's dissatisfaction with his transfer from Pinckneyville to Lawrence Correctional Center does not state a constitutional claim. "[P]risoners possess neither liberty nor property [interests] in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Montanye v. Haymes*, 427 U.S. 236 (1976). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee

placement in a particular prison).[1]

Even though the transfer would not be actionable in and of itself, if the action was taken in retaliation for the exercise of a constitutionally protected right, then Plaintiff may have a colorable claim under §1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (*discussing Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

Prison officials may not retaliate against inmates for filing lawsuits, grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

---

[1] The caveat to this rule – involving transfer or assignment to a prison where the conditions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" – does not apply here, where the transfer decision does not involve Tamms Correctional Center, the closed maximum security prison (i.e., supermax prison) in Illinois. *See Westefer v. Snyder*, Civil No. 00-162-GPM (S.D. Ill. decided July 20, 2010) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)).

Plaintiff has identified the alleged retaliatory actions – transferring him to another prison and giving information he claims was false to officials at his new institution. Although he has not stated which specific lawsuit allegedly motivated Defendants Davis and Butler to retaliate, Plaintiff has a long history of filing lawsuits in this district (eight previous actions), as well as numerous filings in the other federal district courts in Illinois. As he stated in his complaint, he would need a "miracle" to remember them all (Doc. 1, p. 2). At this stage, Plaintiff has made sufficient allegations of retaliation against Defendants Davis and Butler to survive dismissal.

**Count 2 - False Parole Hold**

The allegations in the instant action regarding Defendants Englemann, Althoff, Cardine, Chaney, and Daniels mirror the allegations raised by Plaintiff in a lawsuit he filed in the Northern District of Illinois against these same defendants, six months before he filed the instant action. *See Ford v. Jackson, et al.*, Case No. 10-cv-2089 (Doc. 1, p. 6-7) (N.D. Ill. filed April 5, 2010). The Northern District dismissed Plaintiff's claim without prejudice to him bringing the claim in state court (Doc. 13 in *Ford v. Jackson*, entered March 2, 2011).

This Court agrees with the Northern District's analysis that Plaintiff's allegations do not state any violation of his constitutional rights. The Northern District found that Plaintiff's assertion that these Defendants falsely charged him with violating his parole, leading to the issuance of a warrant and Plaintiff's arrest and incarceration, may state a claim for malicious prosecution, which must be brought in state court. *Id.*; *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]llegations that criminal proceedings were . . . based on false evidence or testimony . . . is, in essence, [a claim] for malicious prosecution, rather than a due process violation." (internal citation omitted)). The availability of a tort claim for malicious prosecution in Illinois state court "knocks out any constitutional theory of

malicious prosecution." *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001).

Accordingly, Plaintiff's claim against Defendants Englemann, Althoff, Cardine, Chaney, and Daniels is dismissed without prejudice for lack of federal jurisdiction. Any remedy that may be available to Plaintiff must be sought in state court.

**<u>Litigation History and "Three Strike" Status</u>**

The Court notes that in Plaintiff's complaint, where he was instructed to list his prior lawsuits, he stated that he had filed twelve prior cases, but was unable to remember the parties, dates filed, or specific dispositions. In fact, at the time Plaintiff filed the instant suit, he had filed a total of twenty-three prior actions. Two of those prior cases resulted in Plaintiff being assessed "strikes" under § 1915(g) of the Prison Litigation Reform Act (PLRA). In addition, the Central District of Illinois had barred Plaintiff from filing any new actions in that court for his failure to pay sanctions imposed against him for refusing to participate in a deposition. *Ford v. Schomig*, No. 01-cv-1141 (C.D. Ill. filed March 22, 2001). Plaintiff has since filed two more cases in addition to the case at bar.

Plaintiff has been warned before about the consequences of failing to fully disclose his litigation history when he files a new complaint. *See Ford v. Jackson*, Case No. 10-cv-2089 (Doc. 5, entered May 6, 2010) (N.D. Ill. filed April 5, 2010). The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) (fraud on the court

justifies "immediate termination of the suit"); *see also* FED. R. CIV. P. 11.

In the case at bar, the form complaint used by Plaintiff did not contain the warning to Plaintiff that his case could be dismissed for failure to fully disclose his prior lawsuits. However, Plaintiff is now **WARNED** that if he attempts to file any future case that fails to include a full disclosure of his prior litigation history, such action shall be subject to immediate dismissal, and other sanctions may be imposed at the Court's discretion.

Plaintiff filed another lawsuit in this Court on the same day he filed the instant action. *See Ford v. Ryker*, Case No. 10-cv-830-GPM (S.D. Ill. filed Oct. 21, 2010). That action was dismissed for being frivolous, and Plaintiff was assessed his third "strike" (Doc. 10, *Ford v. Ryker,* entered March 4, 2011). Accordingly, Plaintiff **SHALL BE REQUIRED TO PRE-PAY** the full filing fee for any future lawsuit he may file while incarcerated. Plaintiff will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**Pending Motions**

Plaintiff's Motion for Confirmation Screening (Doc. 11) is **DENIED** as moot.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT TWO** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice to the claim being filed in state court. Defendants **ALTHOFF, ENGLEMANN, CARDINE, CHANEY** and **DANIELS** are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that as to **COUNT ONE**, the Clerk of Court shall prepare for Defendants **DAVIS** and **BUTLER** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of

a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate motion or responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 7/7/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Court