IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO.10-829-GPM |
| | ) |
| WARDEN DAVIS and KIM BUTLER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 49), recommending that the motion for summary judgment for failure to exhaust administrative remedies filed by Defendants Warden Davis and Kim Butler (Doc. 24) be granted. Also before the Court is Plaintiff Bobby Ford's motion for a temporary restraining order (Doc. 48). The Report and Recommendation was entered on June 14, 2012. Mr. Ford filed an objection to the Report and Recommendation on June 18, 2012 (Doc. 52), to which Defendants replied on July 2, 2012 (Doc. 54). Defendants responded to Mr. Ford's motion for a temporary restraining order on June 19, 2012 (Doc. 53).

**Background**

In this 42 U.S.C. § 1983 case, Mr. Ford claims that Defendant Davis, Warden of Pinckneyville Correctional Center ("Pinckneyville"), and Defendant Butler, a corrections officer at Pinckneyville, transferred Mr. Ford to Lawrence Correctional Center under the guise of protecting Mr. Ford from harm–guards at Pinckneyville were allegedly "trying to kill" Mr. Ford, as they had

taken away Mr. Ford's AIDS medication and taken away a pen so Mr. Ford could not document this abuse (Doc. 1). According to the complaint, however, the transfer and Mr. Ford's classification as an escape risk was made in retaliation for previous lawsuits he had filed (Doc. 1). Mr. Ford's retaliation claims survived 28 U.S.C. § 1915A threshold review (Doc. 13).

Defendants filed a motion for summary judgment claiming that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) (Doc. 24). Plaintiff filed a response to the motion, and on April 26, 2012, Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion as per *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008) (Doc. 39). Upon review of the papers, the docket, and Magistrate Judge Wilkerson's Report and Recommendation, the Court concludes that the Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, including the testimony heard during the *Pavey* hearing, as well as the applicable law and the requirements of the administrative process.

**Evidence**

As part of Defendants' motion for summary judgment, Jackie Miller, chairperson of the Administrative Review Board ("ARB") submitted an affidavit stating that, at least for the period from July 15, 2010 to September 15, 2010, the ARB had not received any grievances or appeals from Plaintiff regarding retaliatory transfer or naming Defendants (Doc. 25-1).

Plaintiff argued that he had filed an August 3, 2010 grievance, but the ARB was persuaded to conceal that grievance by "their Director and Transfer Coordinators" (Doc. 27, p. 7). As part of his complaint, and at the *Pavey* hearing, Plaintiff offered photocopies of a trust fund account statement and two Offender Authorization for Payment vouchers in support of his claim that he had mailed a grievance regarding Defendants (Doc 1, p. 8, 9). The trust fund statement shows an August

3, 2010 withdrawal of forty-four cents for "legal postage." The Offender Authorization for Payment form dated August 2, 2010 states, in handwriting, that it is for the purpose of "grievance concerning the 7-21-10 retaliation transfer from Pinckneyville Corr. Center to Lawrence C.C. sent to the Adm. Review for handling, Springfield A.R.B. Office." On the Offender Authorization for Payment form dated October 12, 2010, the handwritten "purpose" for the payment authorization is "Letter to acting Director inquiring about why I haven't receive a response to my 8/2/10 grievance sent to the A.R.B. about a 7/13/2010 incident at Pinckneyville."

Recognizing that the photocopied exhibits left open the possibility that the "purpose" for the payments had been added at a later time to bolster Plaintiff's exhaustion argument, at the *Pavey* hearing Magistrate Judge Wilkerson questioned Plaintiff about the statements on the photocopied Offender Authorizations for Payment:

> COURT: Mr. Ford, did you write this information on there at the time you filled out these forms or at a later time?
>
> FORD: When I filled out the money voucher, your Honor, I wrote down specifically what it was for and attached it to the grievance and mailed it from Lawrence Correctional Center from inside of my cell there, put it in the door like we have been told to do.
>
> COURT: All right. Hold on. Hold on. You – but here, listen to my specific question. Okay. This offender authorization for payment, dated August 2, 2010, it says down on this line it says account for the purpose of it says "grievance concerning the 7/21 retaliation transfer from Pinckneyville Correctional Center to Lawrence sent to Administrative Review Board handling Springfield ARB Office." Did you fill that in at the same time you filled in all the other information on this form or did you fill it in later?
>
> FORD: I filled it in exactly at that time when I mailed it.

(Doc. 41, p. 20). Magistrate Judge Wilkerson granted Defendants leave to file the original vouchers in a supplement to the proceedings, and Defendants did so on May 10, 2012 (Doc. 43).

The copy of the original August 2, 2010 voucher does not contain the statements of 'purpose' that appears on the copy offered by Plaintiff (Doc. 43).  Based on the discrepancy between Plaintiff's testimony and the evidence; the failure of the vouchers to prove that Plaintiff filed a relevant grievance; and the affidavit of the ARB chairperson, Defendants argued that Plaintiff had failed to exhaust.  Plaintiff argued in response that Defendants could not dis-prove that the "legal mail" he paid for on August 3, 2010 was a grievance related to this claim.

### Conclusions of the Report and Recommendation

The Report and Recommendation focuses on Plaintiff's falsehood at the *Pavey* hearing: it is clear that Plaintiff did *not* contemporaneously label the August 2, 2010 voucher as related to a Davis/Butler/transfer grievance; though he testified to Judge Wilkerson that he did so.  Magistrate Judge Wilkerson rationalizes that "[a]t best, Plaintiff wrote the description on only his copy just after he submitted the voucher, to remind himself of the document he mailed.  At worst, Plaintiff wrote the description in preparation for litigation with intent to make the Court believe he submitted a grievance on August 3, 2010.  Regardless, Plaintiff's statements led the Court to believe that he wrote the description before he submitted the voucher, not after. The documents belie such a claim." (Doc. 49).  Plaintiff's credibility so-undermined, Judge Wilkerson finds no support for Plaintiff's contention that he did submit a grievance related to this claim, and the Report and Recommendation recommends dismissal for failure to exhaust administrative remedies.

### Plaintiff's Objections to the Report and Recommendation

Plaintiff essentially argues that the Court should just take his word for it–("If I say I sent the retaliational (sic) grievance to the A.R.B. on 8-2-10 it should be accepted I did do that just as I say I did.") (Doc. 52).  The testimony he gave to Magistrate Judge Wilkerson, which is contradicted by

the evidence, he explains as symptomatic of "a mental disorder like [Alzheimers]….I'm abnormally functional." (Doc. 52).

### Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject, or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Plaintiff specifically objects to Magistrate Judge Wilkerson's determination that Plaintiff's false statement during the *Pavey* hearing damaged his credibility. Plaintiff contends that the Report and Recommendation was made because the Magistrate Judge's feelings were hurt when Plaintiff's newly-revealed mental disorder caused him to give a confused answer (Doc. 52, p. 5). While Magistrate Judge Wilkerson could rightly take umbrage at being lied to under oath, the Report and Recommendation is based on the dearth of proof that Plaintiff filed a grievance in this matter. It is true that determination is inevitably tied to Plaintiff's credibility. *See Pavey v. Conley,* 663 F.3d 899, 904 (7th Cir. 2011) ("In the district court proceedings, the question whether Pavey had

complied with these procedures turned largely on the issue of his credibility."). The Court agrees with the determination that Plaintiff is just not credible. Judge Wilkerson's question to Plaintiff about the timing of his notes on the vouchers was clear, and the Judge repeated the question. Plaintiff's 'explanation' for the confusion–that he has a heretofore unannounced "mental illness"–does not cure the determination that Plaintiff is not credible. But while the Court concurs that Plaintiff's testimony is not reliable, the determination that Plaintiff failed to exhaust his administrative remedies is not made in reprisal for lying under oath. The Report and Recommendation considers the possibility that Plaintiff made an honest mistake and still finds that Plaintiff failed to exhaust his administrative remedies. The Court agrees. Plaintiff has not shown that he submitted a grievance. The affidavit of the ARB chairperson is credible. Plaintiff has failed to exhaust his administrative remedies, and Defendants' motion for summary judgment will be **GRANTED** and this case **DISMISSED**.

Plaintiff also has a pending motion for a temporary restraining order, asking for the Court to order Warden Gaetz, an unknown nurse, and an unknown correctional officer to immediately provide him with his AIDS medication, provide him with an African Hebrew Israelite diet, and transfer him "behind the wall" to Stateville Correctional Center (Doc. 48). As Plaintiff's claim shall be dismissed for failure to exhaust administrative remedies, he has no chance at success on the merits, and cannot meet the burden of proof for receiving a preliminary injunction. *See MainStreet Organization of Realtors v. Calumet City,* 505 F.3d 742, 753 (7th Cir. 2007). Further, the claims and parties in Plaintiff's motion appear to be totally unrelated to this action. Other remedies are available to him should he wish to pursue these claims. As for this motion in this case, Plaintiff's request for relief is **DENIED.**

**Conclusion**

The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Wilkerson (Doc. 49), **DENIES** Plaintiff's motion for a temporary restraining order (Doc. 48), and **GRANTS** Defendants' motion for summary judgment (Doc. 24). Judgment shall be entered for Defendants, this case shall be **CLOSED** on the Court's docket, and this action **DISMISSED** without prejudice. *See Phillips v. Walker,* 443 Fed.Appx. 213, 215 (7th Cir. 2011) ("Dismissals for failure to exhaust under § 1997e(a) are without prejudice…while many of these same defendants might have valid defenses about nonexhaustion or the statute of limitations if [plaintiff] brings a new suit, those are questions to be resolved in the new litigation.")

**IT IS SO ORDERED.**

DATED: September 14, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge